**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RONALD L. HUTCHINSON, JR.,

      Plaintiff,

v.                                        Case No. 05-CV-73772-DT

RITE AID PHARMACY CORPORATION AND
DEARBORN POLICE DEPARTMENT,

      Defendants.

_____/

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)**

**I. BACKGROUND**

*Pro se* Plaintiff Ronald Leroy Hutchinson filed his complaint in the above-captioned matter on October 3, 2005. On October 17, 2005, the court granted Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (10/17/05 Order at 1.) Having reviewed the complaint, the court will dismiss this case pursuant to 28 U.S.C. § 1915.

**I. STANDARD**

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325

(1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995). When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

Though decidedly liberal, this standard of review requires more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01 (6th Cir. 1995). The complaint should give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard*, 76 F.3d at 726 (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

Also, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v.*

2

*Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

## II.  DISCUSSION

Plaintiff's complaint consists of four hand-written pages, much of which is devoted to rather bizarre and incoherent pronouncements of Plaintiff's apparent religious beliefs.  Plaintiff seeks damages in the amount of five trillion dollars for an incident which occurred on August 4, 2005, after he visited a Rite Aid store in Dearborn, Michigan.  The only two defendants listed in the complaint are Rite Aid Pharmacy Corporation ("Rite Aid") and Dearborn Police Department.

Plaintiff alleges that while he was purchasing items at the Rite Aid store, the cashier accidently triggered the silent alarm on the register.  (Compl. at 2.)  Plaintiff further alleges that after he left the store he walked to the nearby bus stop.  (*Id.*)  Thereafter, he was approached by three police officers, who arrested him for allegedly stealing a pack of razors.  (*Id.* at 2-3)  According to Plaintiff, the officers ran into him, kicked him in the ankle, kneed him twice in the upper right thigh, and twisted his arm "very roughly."  (*Id.* at 2.)  Plaintiff alleges that they then "took [him] to jail with no evidence."  (*Id.* at 3.)

Construing Plaintiff's *pro se* complaint liberally, Plaintiff appears to be asserting a cause of action under 42 U.S.C. § 1983 for false arrest and, possibly, for excessive force.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of

state law.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

First, the Dearborn Police Department is not an entity which may be sued.  *See Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994).  Moreover, even if the court were to construe this action as one asserted against the City of Dearborn, Plaintiff has not alleged that his injuries were the result of an unconstitutional policy or custom of the City.  *Monell v. Department of Social Services,* 436 U.S. 658 (1978).  Thus, the court will dismiss the action against the Dearborn Police Department.

The court will also dismiss the action against Defendant Rite Aid.  Rite Aid is not a proper party to a § 1983 action, as it is not a state actor under the facts of Plaintiff's complaint. *See Black v. Barberton Citizens Hosp,*. 134 F.3d 1265, 1267-68 (6th Cir.1998) (holding that defendant must be "acting under color of state law" for plaintiff to maintain a § 1983 action); *see also Phelps v. B.M.I. Broadcast Music, Inc.* 234 F.3d 1269, No. 99-6663, 2000 WL 1679450 at *1 (6th Cir. Nov. 1, 2000) (affirming §1915 dismissal where "[t]he defendants in this case--a private corporation and its president and employees–[were] not state actors under § 1983").  The court can glean no other cause of action, under federal or state law, asserted against Defendant Rite Aid, and certainly no basis for federal jurisdiction.

Having found that Plaintiff's complaint has failed to state a claim against the named Defendants, the court must dismiss his complaint.  *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997) ("Under the Prison Litigation Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal.").

4

**III.  CONCLUSION**

IT IS ORDERED that Plaintiff's complaint in the above-captioned matter is

DISMISSED pursuant to 28 U.S.C. § 1915(e).


       S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  October 31, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, October 31, 2005, by electronic and/or ordinary mail.

       S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Even Orders\05-73772.HUTCHINSON.1915.wpd